UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Edward A. Chambers, Jr.,

Plaintiff,

vs.

Metropolitan Property and Casualty Insurance Co. and St. Paul Fire and Marine Insurance Co.,

Defendants.

Case Number: 00-CV-2111 ADM/SRN

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

The parties to this action, Defendants Metropolitan Property and Casualty Insurance Company ("Met P & C") and St. Paul Fire and Marine Insurance Company ("St. Paul") and Plaintiff Edward A. Chambers, Jr. ("Chambers"), by their respective counsel, hereby stipulate and agree, and request that the Court enter a mutual protective order, as follows:

1. Met P & C, St. Paul, and Chambers may designate as "CONFIDENTIAL" any document, testimony, information or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs 2, 3 and 4. For the purpose of this Confidentiality Agreement and Order, matters deemed "CONFIDENTIAL" shall include trade secret or other confidential research, development, or commercial information, as described in Fed. R. Civ. P. 26(c)(7), financial information about St. Paul or Met P & C, and medical or salary information about non-party employees. Such designation shall subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement.

FILED MAY 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

2. Any writing produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by Met P & C, St. Paul, or Chambers stamping the words "CONFIDENTIAL" on the face of the writing.

3. Met P & C, St. Paul, or Chambers may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation during the course of the deposition or at any time thereafter. Portions of any deposition designated "CONFIDENTIAL" are to be filed with the Court under seal, bearing substantially the following designation: "Portions of this deposition were taken subject to a Confidentiality Agreement. These portions shall remain sealed until further agreement of the parties." Whenever any writing designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given in this arbitration, it shall be so marked and separately filed under seal with the Court.

4. Met P & C, St. Paul, or Chambers may designate as "CONFIDENTIAL" specific responses to information requests by labeling the specific response "CONFIDENTIAL."

5. Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed separately under seal with the Court.

6. Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of the Court, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for

the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

(a) Counsel for the respective parties, including in-house counsel and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

(b) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

(c) Parties or officers or employees of the respective parties who have a reasonable business need to review such documents, testimony, information or material; and

(d) Former employees of the respective parties who may be called as witnesses in the trial of this matter.

7. "CONFIDENTIAL" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in paragraph 6(b)) or any former employee of the respective party (as defined in paragraph 6(d)) unless and until such -person has signed and returned to all counsel a written agreement that he/she agrees to be bound by the terms of this Confidentiality Agreement.

8. No party shall, for himself or itself or for any person or persons acting on his or its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

9. Except as otherwise provided for in this Confidentiality Agreement, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

10. If Met P & C, St. Paul, or Chambers object to the designation of any document, testimony, information or material as "CONFIDENTIAL," he or it may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Confidentiality Agreement.

11. Should any party hereto seek to utilize any "CONFIDENTIAL" document, testimony, information or material at the trial of this matter, he or it shall meet with counsel for the opposing party in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

12. Upon termination of this litigation, all copies of "CONFIDENTIAL" documents, testimony, information or material (and all summaries thereof), and all copies of company policies produced by Met P & C or St. Paul shall be returned to counsel for the producing party(ies).

13. This Confidentiality Agreement may be modified or amended by agreement of the parties or by further order of the Court for good cause shown.

Date: May 22, 2001

**LITTLER MENDELSON, P.C.**

Marko J. Mrkonich (#125660)
Heather C. Sherman (#288135)
Multifoods Tower
33 South 6th Street, Suite 3110
Minneapolis, Minnesota 55402
Telephone: 612.630.1000
Facsimile: 612.630.9626

**ATTORNEYS FOR DEFENDANTS METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY**

Date: May 17, 2001

**MAVITY & ASSOCIATES**

Stephanie Howard-Clark

William J. Mavity (#143716)
Stephanie Howard-Clark
1460 Southpoint Office Center
1650 West 82nd Street
Minneapolis, Minnesota 55431
Telephone: 952.885.5600
Facsimile: 952.885-5664

**ATTORNEYS FOR PLAINTIFF EDWARD A. CHAMBERS, JR.**

**SO ORDERED:**

Dated this 29th day of May, 2001.

BY THE COURT:

Susan Richard Nelson

United States District Court ~~Judge~~ Magistrate Judge

MAY 29 2001

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.